

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-2-1997

# United States v. DeGovanni

Precedential or Non-Precedential:

Docket 96-1333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

## Recommended Citation

"United States v. DeGovanni" (1997). *1997 Decisions*. Paper 1.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/1

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

----------

No. 96-1333

----------

UNITED STATES OF AMERICA

v.

THOMAS DEGOVANNI,

Appellant

----------

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 95-00092-2)

----------

Argued Wednesday, November 6, 1996

BEFORE:  BECKER, MCKEE
and GARTH Circuit Judges

----------

(Opinion filed January 2, 1997)

----------

Gerald A. Stein, Esquire (Argued)
Gerald A. Stein, P.C.
1500 Market Street
2727 Center Square West
Philadelphia, Pennsylvania  19102

Attorney for Appellant

Michael R. Stiles
United States Attorney
Walter S. Batty, Jr.
Assistant United States Attorney
Chief of Appeals
William B. Carr, Jr. (Argued)
Assistant United States Attorney
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania  19106

Attorneys for Appellee

----------

OPINION OF THE COURT

----------

GARTH, Circuit Judge:


In the context of U.S.S.G. §3B1.1(c) which authorizes an enhancement of two levels when a defendant is characterized as a "supervisor", the question we must answer in this appeal is: when is a supervisor not a supervisor?  In the instant case, we hold that one is only a "supervisor" under U.S.S.G. §3B1.1(c) when he is so involved in, and connected to, the illegal activity of others that he actually supervises their illegal conduct, and is not just a supervisor by virtue of his de jure position in the police department hierarchy.


**I.**

Defendant Thomas DeGovanni was a police sergeant in the 39th District Five Squad in the city of Philadelphia.  On February 25, 1995, he was charged with Conspiracy to Commit Offenses Against the United States in violation of 18 U.S.C.

§371; Theft Concerning Program Receiving Federal Funds in violation of 18 U.S.C. §666; Obstruction of Justice in violation of 18 U.S.C. §1503; and two counts of Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. §1951.[1]

On April 6, 1995, DeGovanni pled guilty to one count of Interference with Interstate Commerce by Robbery and one count of Obstruction of Justice.  DeGovanni was sentenced on April 15, 1996 to 84 months incarceration and a $1,000 fine.  DeGovanni now appeals the sentence imposed, on grounds that his sentence was improperly enhanced under U.S.S.G. §3B1.1(c) for his role as a "supervisor".

The district court had jurisdiction over this matter under 18 U.S.C. §3231.  We have appellate jurisdiction pursuant to 28 U.S.C. §1291 and 18 U.S.C. §3742.  Our review of the district court's interpretation of the Sentencing Guidelines is plenary, and we review the underlying factual findings for clear error.  See United States v. Bethancourt, 65 F.3d 1074, 1080 (3d Cir. 1995), cert. denied 116 S. Ct. 1032 (1996); United States v. Katora, 981 F.2d 1398, 1401 (3d Cir. 1992).  Here, because there is no factual dispute concerning DeGovanni's role as a supervisor in the police department or about the nature of his activities

---

1.  These charges stem from DeGovanni's alleged participation in a conspiracy with fellow police officers from 1988 until 1995, in which the co-conspirators engaged in activities such as assaulting drug suspects, conducting illegal searches, fabricating evidence, illegally seizing money from suspected drug dealers, and making arrests without probable cause.

within the conspiracy, we will exercise plenary review to determine whether §3B1.1(c) should apply to the facts in this case, so as to enhance DeGovanni's sentence two levels.

## II.

The sole question in this appeal is whether defendant DeGovanni, who served as a sergeant in the 39th District Five Squad, should be considered a supervisor in criminal activity – an activity which involved members of the Philadelphia police force, but did not require that he, DeGovanni, play an active, supervisory role in the criminal offenses committed.

The government charges that DeGovanni's failure to report and otherwise deter his subordinates from engaging in criminal misconduct, constituted the supervision to which §3B1.1(c) refers. The government claims that "...DeGovanni can best be described as agreeing to go along with and profit[ing] from – as opposed to actually directing – the criminal conduct to which he has admitted." Brief of Appellant DeGovanni at 7, quoting Presentence Memorandum of Government (Exhibit A at 3). As such, the government argues that, by virtue of DeGovanni's supervisory title and responsibilities as sergeant, DeGovanni was a supervisor within the meaning of §3B1.1(c).

DeGovanni, on the other hand, asserts that he was no more than a de jure supervisor in the 39th District Five Squad, and did not actively participate in the criminal activities out

4

of which the charges arose. Indeed, in his brief on appeal, DeGovanni characterizes his involvement as no more than passive. He argues that, although he was a sergeant in the police department, he did not supervise or manage his co-conspirators during the commission of their crimes. Although he admits participation in, and profiting from, the criminal activities, he contends that he played a secondary role, and that he was a mere 'rank and file' participant. See Brief of Appellant DeGovanni at 12-14.

DeGovanni further argues that his failure to report his co-conspirators, although violative of his police oath and his responsibilities as a sergeant, was not a decision motivated by concerns for the group, and did not further the group's activities. Finally, he claims that he "did not manage, direct, supervise, or lead the others or decide when, where or how the crimes with which he and the others were charged would be committed. The Government concedes as much in its sentencing memorandum". Id. at 12, citing Exhibit A at 1-3.

The district court held that DeGovanni's participation in the conspiracy, coupled with his failure to report the activities of his co-conspirators, served to facilitate the commission of the crimes and was an abdication of his supervisory responsibility as a police sergeant. See Transcript of Hearing (App. 24a-27a; 31a-32a). Applying the recommendation of the Probation Department in the pre-sentence report and overriding

5

DeGovanni's objections, the court enhanced DeGovanni's sentence by two levels pursuant to U.S.S.G. §3B1.1(c).[2]

### III.

We hold that the district court improperly enhanced DeGovanni's sentence.  U.S.S.G. §3B1.1 provides,

### 3B1.1.    Aggravating Role

Based on the defendant's role in the offense, increase the offense level as follows:

(a)  If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by **4** levels.

(b)  If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels.

(c)  If the defendant was an organizer, leader, manager or supervisor in any criminal activity other than described in (a) or (b), increase by **2** levels.

The Guidelines (in each of its three sub-sections) call for a determination of whether the defendant was a supervisor in the criminal activity.  Courts which have addressed the issue of

---

2.  Prior to the enhancement, the Guideline range was 63-78 months (offense level of 26 and criminal history category I).  After the enhancement, the range became 78-97 months (offense level of 28 and criminal history category I).  DeGovanni was sentenced to 84 months.

supervision have required that, to be a supervisor, there must be some degree of control over others involved in the commission of the offense. See e.g., United States v. Roberts, 14 F.3d 502, 524 (10th Cir. 1993), aff'd after remand 43 F.3d 1484 (10th Cir. 1994), cert. denied 115 S. Ct. 1417 (1995); United States v. Fuller, 897 F.2d 1217, 1220 (1st Cir. 1990). More specifically, the Guidelines direct that a defendant's role in the criminal activity is the operative issue. Here, DeGovanni's sergeant-status in the police department as an overall supervisor of other police officers in the discharge of general police functions, was not enough to substantiate an enhancement for active supervision of other members of the conspiracy under §3B1.1(c). See United States v. Fuentes, 954 F.2d 151, 153 (3d Cir.), cert. denied 504 U.S. 977 (1992) (sentences should not be enhanced under §3B1.1(c) unless the defendant supervised or managed the actions of another individual in the criminal enterprise); see generally, United States v. Belletiere, 971 F.2d 961, 969-70 (3d Cir. 1992) (§3B1.1 enhancements apply to supervision of others in group activities). Just as a defendant bank director in United States v. Jobe, ___ F.3d ___, No. 94-50646, 1996 WL 700146 at *17 (5th Cir., December 5, 1996), could not have his sentence enhanced for check kiting and bank fraud because he did not manage or supervise the criminal activity of check kiting, no more can DeGovanni have his sentence enhanced because of his general overseer role as sergeant.

We reject the government's contention that DeGovanni's status as a sergeant is relevant simply because the offenses at issue were committed by police officers, acting "in their capacities as Philadelphia Police Officers". Brief of Appellee United States at 9. Although the defendants used their official positions as cover for the illegal acts, the mere fact that DeGovanni was their workplace supervisor, is not enough to render him more culpable for purposes of the conspiracy than the other 'rank and file' participants. We find that the enhancement contained in U.S.S.G. §3B1.1(c) does not apply absent such heightened culpability, and that one must therefore have an active supervisory role in the actual criminal conduct of others to justify the enhancements contained in this section of the Guidelines.

We hold that DeGovanni's sentence which included a two-level enhancement for his activities as a supervisor was not warranted. DeGovanni's 'rank and file' participation in the criminal activity constituted mere participation, and nothing more. His activities mirrored those of the other low-level participants; his role was clearly distinguishable from primary players in the conspiracy such as John Baird[3], and the evidence of record does not support DeGovanni's role as a manager or supervisor of the illegal activities engaged in by other police officers.

3. This defendant appears before us in a separate appeal, United States v. John Baird, No. 96-1342.

The only activity that distinguishes DeGovanni from other participants was his silence -- he fulfilled his duties as a sergeant in the police force without reporting the illegal, extracurricular activities of his inferior officers.[4]  Such silence, although reprehensible, does not make him a "supervisor" of the charged criminal activity for purposes of §3B1.1(c).[5]

## IV.

Accordingly, we will vacate the district court's sentence which included a two-level enhancement under §3B1.1(c) and remand for resentencing consistent with the foregoing opinion.

---

4.  The government has alleged that these activities included the "creation of official police paperwork, the preparation for testimony in court, and the documentation and handling of seized money".  Brief of Appellee Government at 10, referring to Transcript of Hearing (App. 29a).

5.  The "background" section of the Application Notes explains that enhancement for supervision is appropriate because it is "likely that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it and present a greater danger to the public and/or are more likely to recidivate."  Application Notes to U.S.S.G. §3B1.1.  None of these concerns apply to DeGovanni.