

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2007

# USA v. Wynn

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4775

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wynn" (2007). *2007 Decisions*. Paper 1743.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1743

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4775

_____

UNITED STATES OF AMERICA

v.

ALONZO WYNN,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 00-cr-00384-5)
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
November 28, 2006
Before:  RENDELL and AMBRO, Circuit Judges,
and PRATTER*, District Judge

(Filed: January 25, 2007)

_____

OPINION OF THE COURT

_____

PRATTER, District Judge.

    Alonzo Wynn, who pled guilty to one count of conspiring to distribute and possess

_____

   * Honorable Gene E.K. Pratter, Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

with intent to distribute more than five kilograms of cocaine and more than 50 grams of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, again challenges the 210 month sentence imposed upon him. Specifically, Mr. Wynn challenges the sentencing court's consideration of his managerial or supervisory role in the criminal activity to enhance the computation of his applicable offense level. Mr. Wynn also contends that the District Court failed to consider all appropriate § 3553 factors, rendering the sentence imposed upon him unreasonable.

Following Mr. Wynn's guilty plea, District Court Judge Orlofsky found that Mr. Wynn was a manager or supervisor of a criminal activity involving five or more participants, thus warranting a three-level enhancement. However, Judge Orlofsky granted the Government's U.S.S.G. 5K1.1 motion for a downward departure based on Mr. Wynn's assistance and cooperation. Placed within a Sentencing Guidelines range of 210-262 months, Mr. Wynn was sentenced to 210 months, and Mr. Wynn appealed.

This Court remanded the case to the District Court for re-sentencing in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Appeal No. 02-2607, Order of June 15, 2005. After considering the testimony of Earl Wynn and Kevin Daniels, Alonzo Wynn's plea colloquy, the factors outlined in 18 U.S.C. § 3553(a), and the Government's motion for a downward departure, District Court Judge Kugler[1] re-sentenced Mr. Wynn to 210 months imprisonment. Mr. Wynn then brought this timely

---

[1] Judge Orlofsky left the District Court in 2003, prior to the Court's remand order.

2

appeal. We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742[2], and we will affirm.

Mr. Wynn's challenge to the imposition of an enhancement for his managerial or supervisory role encompasses three sub-issues: (a) the appropriate burden of proof for factual findings in sentencing; (b) whether such a finding, if made in substantial part on the basis of hearsay, is "unreasonable" as defined in Booker, or otherwise violates the Confrontation Clause of the Sixth Amendment; and (c) whether the District Court erred in making such a finding.

We review claims of legal error de novo. United States v. Pojilenko, 416 F.3d 243, 246 (3d Cir. 2005).

Mr. Wynn proposes that the "Fifth and Sixth Amendments, including principles of due process and confrontation, demand proof beyond a reasonable doubt of the facts that would warrant this sentence." Although Mr. Wynn also argues that this heightened burden of proof is implicitly required by Booker, he concedes that the Booker majority did not articulate an intention to alter the burden of proof.

Post-Booker, this Court and others have held that facts pertinent to the Sentencing Guidelines are to be determined by a preponderance of the evidence. Cooper, 437 F.3d at

---

[2]The Government challenges this Court's jurisdiction to accept an appeal of the reasonableness of the sentence, but candidly admits to including this challenge ostensibly to preserve the jurisdictional argument, notwithstanding this Court's decision in United States v. Cooper, 437 F.3d 324 (3d Cir. 2006).

330; United States v. Miller, 417 F.3d 358, 362-63 (3d Cir. 2005); see also U.S. v. Mares, 402 F.3d 511, 519 (5th Cir. 2005) (holding sentencing facts need only be determined by a preponderance of the evidence after *Booker* ); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (same).[3]  Accordingly, we conclude that this prong to Mr. Wynn's appeal is without merit.

Mr. Wynn's challenge to the District Court's consideration of hearsay at his sentencing is an allegation of an error of law which the Court also reviews de novo. Pojilenko, 416 F.3d at 246.

A district court may rely on hearsay in sentencing determinations.  Williams v. State of Oklahoma, 358 U.S. 576, 584 (1959) ("The sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court."); United States v. Brigman, 350 F.3d 310, 315 (3d Cir. 2003) ("Hearsay is fully admissible at a sentencing hearing, so long as it has sufficient indicia of reliability.").  The main constraint on evidence introduced for sentencing purposes is that it must be reliable.  Brigman, 350 F.3d at 315.  Mr. Wynn contends that the District Court's reliance on the testimony of his co-conspirators violates the Confrontation Clause because he did not have an opportunity

---

[3] The District Court here concluded that the evidence was sufficient under either standard.  Addressing Mr. Wynn's concerns with respect to the post-Booker burden of proof, the District Court responded, "I do think the evidence is clear to this court by whatever standard . . . that he had some management responsibilities, and, therefore, the sentence ought to reflect the fact that he had an important role in this drug conspiracy."

4

to cross examine them at the time they testified, and because the interests of the lawyers cross-examining these witnesses in other proceedings were not aligned with Mr. Wynn's interests. The Government responds that <u>Booker</u> and <u>Crawford</u> did not alter the prevailing view that the Confrontation Clause does not apply at sentencing.[4] The issue presented here is whether, in light of <u>Booker</u> and <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), the Confrontation Clause imposes an additional limit on the use of hearsay in sentencing determinations. The Supreme Court has not addressed this question directly.

Our Court has, however, considered questions akin to these issues. In <u>United States v. McGlory</u>, 968 F.2d 309, 347 (3d Cir. 1992), we held that the "Sixth Amendment's confrontation clause does not apply to sentencing hearings and reliable hearsay is generally admissible." <u>Id</u>. This is consistent with the holdings of the other

---

[4] The Government acknowledges that the transcripts of Earl Wynn's and Kevin Daniel's trial testimony constitute hearsay within the meaning of the Federal Rules of Evidence because they were offered by the Government at the sentencing hearings for their truth. <u>See</u> Fed. R. Evid. 801(c). The Government also concedes that Mr. Wynn did not have an opportunity to cross-examine these witnesses when they testified at a co-defendant's trial, and, thus, the transcripts do not fall within the former testimony exception. <u>See</u> Fed. R. Evid. 804(b)(1).

5

courts of appeals that have addressed the issue.[5] We conclude that the sentencing court's consideration of hearsay did not run afoul of Mr. Wynn's constitutional rights.

Mr. Wynn also asserts that his sentence was unreasonable because it was based, in part, on unreliable hearsay. This Court evaluates "reasonableness" in terms of whether the District Court considered all of the factors and imposed the sentence for reasons logical and consistent with those factors. See Cooper, 437 F.3d at 329-30.

We have recognized that "the scope of what a trial court may consider in determining an appropriate sentence is breathtakingly broad." United States v. Simmonds, 235 F.3d 826, 837 (3d Cir. 2000). In particular, a sentencing court may rely on testimonial evidence from another proceeding so long as the defendant had a meaningful opportunity to contest the evidence. United States v. Reynoso, 254 F.3d 467, 473-74 (3d Cir. 2001). However, before a sentencing court may rely on testimonial or

---

[5] See United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (refusing to apply Crawford to sentencing hearing); United States v. Luciano, 414 F.3d 174, 179 (1st Cir. 2005) (pointing out that Crawford concerned hearsay at trial and that it would not alter its conclusion that "there is no Sixth Amendment Confrontation Clause right at sentencing"); United States v. Roche, 415 F.3d 614, 618 (7th Cir. 2005), cert. denied, 126 S. Ct. 671 (2005) (explaining that the "relevant provision at sentencing is the due process clause, not the confrontation clause," because witnesses at sentencing are not accusers); United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005) (rejecting defendant's invitation to reconsider the applicability of the Confrontation Clause in light of Crawford); United States v. Stone, 432 F.3d 651, 654 (6th Cir. 2005), cert. denied, 127 S. Ct. 129 (2006) ("[B]ecause Crawford was concerned only with testimonial evidence at trial, Crawford does not change our long-settled rule that the Confrontation Clause does not apply in sentencing proceedings."); United States v. Brown, 430 F.3d 942, 943-44 (8th Cir. 2005) (noting that Crawford "does not alter the pre-Crawford law that the admission of hearsay testimony at sentencing does not violate confrontation rights").

other evidence from another proceeding, the defendant and the Government must be notified of that anticipated consideration with some specificity.  Id. at 474.

Mr. Wynn does not claim lack of notice or opportunity;[6] rather, he asserts that the testimony of his co-conspirators is unreliable because in the trial in which they testified neither of them had any motivation or incentive to challenge testimony accentuating Mr. Wynn's role or to give testimony about its marginality.  The Government counters that even though Mr. Wynn did not cross examine these witnesses, their testimony had other traditional indicia of reliability, namely, both testified under oath in a formal proceeding, and the trial court judge, who observed their demeanor and heard their testimony, found it reliable.  Presented with no reason to second-guess the District Court, we will not criticize its consideration of that testimony for purposes of sentencing.

The determination of a defendant's managerial or supervisory role "is essentially factual in nature" and, therefore, this Court "will reverse the findings of the district court only for clear error."  United States v. Hunter, 52 F.3d 489, 492 (3d Cir. 1995) (citing United States v. Ortiz, 878 F.2d 125, 126-27 (3d Cir. 1989)).

The Sentencing Guidelines do not specifically define the term "manager or supervisor" in § 3B1.1(b),[7] but "the direction and control of others is a recurrent theme in

---

[6] At both his initial sentencing and his re-sentencing, Mr. Wynn had an opportunity to, and did, contest the testimony that he now challenges.

[7] Mr. Wynn cites the factors enumerated in the Guidelines Application Notes, but these are not criteria for a managerial/supervisory adjustment.  Rather, pursuant to the precise language of the Guidelines commentary, courts should consider these factors "[i]n

7

legal definitions of the terms 'manager' and 'supervisor.'" United States v. Felton, 55 F.3d 861, 865 (3d Cir.1995). "[T]o be a supervisor, there must be some degree of control over others involved in the commission of the offense," with the defendant occupying an "active supervisory role in the actual criminal conduct of others." United States v. DeGovanni, 104 F.3d 43, 46 (3d Cir. 1997). Accordingly, enhancement is appropriate where the defendant directed and controlled at least one other person. United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995).

Here, the District Court found that Mr. Wynn directed or controlled the actions of at least one criminal participant, basing that conclusion on the testimony of his co-conspirators and on Mr. Wynn's own plea colloquy. One co-conspirator, Mr. Wynn's own brother, testified that Mr. Wynn, along with another defendant, was responsible "for determining if there were enough people working on the set to sell crack cocaine;" "for determining how much money the people selling on the set got paid for their service;" "for finding . . . lookouts;" and (with others) "for shutting down the set if there were too many police in the area." He also testified that when he "moved up," the other defendant

---

distinguishing a leadership and organizational role from one of mere management or supervision." See U.S.S.G. § 3B1.1, Commentary n.4. Here, the issue is whether Mr. Wynn participated in a managerial or supervisory role, not whether he had a leadership role. This Court, however, has used these factors generally in determining whether to apply an "aggravating role enhancement." See, e.g., United States v. Hunter, 52 F.3d 489, 492 (3d Cir. 1995). It was not improper for the District Court to do likewise here.

"supervised the corner, he made sure everybody was there, him <u>along with my brother</u>

<u>Alonzo</u>." (emphasis supplied).

Yet another co-conspirator testified that if the others were not around, "Alonzo

[would] take over the set and watch it and he had people out there selling for him too."

After the cocaine was converted into crack cocaine, Mr. Wynn distributed his share to

"who[m]ever he had working for him at that time." Mr. Wynn admitted in his plea

colloquy that he agreed with his brother to purchase and distribute more than 50 grams of

crack cocaine but did not make any specific statement acknowledging a supervisory or

management role. The Government concludes that this testimony provides a "credible

evidentiary basis" for finding by a preponderance of the evidence that Mr. Wynn acted as

a manager or supervisor and that Mr. Wynn cannot demonstrate that the District Court

clearly erred in its finding.[8]  See <u>United States v. Haut</u>, 107 F.3d 213, 218 (3d Cir. 1997).

Mr. Wynn responds that his brother emphasized that his managers "had to be

trustworthy," but testified that Alonzo Wynn was "not responsible" and that the other co-

conspirator was "more trustworthy" than Alonzo. This testimony, Mr. Wynn argues,

shows that he was never given any responsibility within the organization and could not

have controlled others. Mr. Wynn also claims that the District Court confused or

incorporated the issue of drug quantity with degree of involvement as a

_____

[8] Mr. Wynn does not contest that the activity in question involved participation in a
drug distribution conspiracy involving five or more participants.

9

manager/supervisor. Explaining its finding that Mr. Wynn had "an important role," the District Court stated that Mr. Wynn was "not a bag or street level dealer" and that "he was involved in a very serious drug operation," even though, as the District Court acknowledged, the volume of drugs handled does not necessarily correspond to an individual's level of responsibility.

As a reviewing court, we generally owe great deference to the credibility determinations of the trial court. United States v. Brothers, 75 F.3d 845, 853 (3d Cir. 1996). To the extent the District Court chose to credit the testimony of the co-conspirators over that of Alonzo Wynn, we see no clear error. Rather, the evidence is sufficient to support a finding by a preponderance of the evidence that Mr. Wynn had a supervisory and/or managerial role.

The final issue Mr. Wynn raises on appeal is whether the District Court properly considered all of the statutory factors and whether the sentence was reasonable. Specifically, Mr. Wynn contends that the District Court did not properly weigh and analyze the factor of sentencing disparity pursuant to 18 U.S.C. § 3553(a)(6).

In Booker, the Supreme Court stated that the standard of review for sentencing decisions was review for reasonableness. Booker, 543 U.S. at 261. As the party challenging the sentence, Mr. Wynn bears the burden of establishing that the sentence is unreasonable. Cooper, 437 F.3d at 332.

10

To determine if the District Court acted reasonably in imposing a sentence, we must first be satisfied the District Court exercised its discretion by considering the relevant factors. Cooper, 437 F.3d at 329. The record must demonstrate the sentencing court gave meaningful consideration to the § 3553(a) factors, but need not discuss and make findings as to each factor if the record makes clear that the court took the factors into account. Id.

As a threshold matter, the record here is clear that the District Court considered and took into account the need to avoid unwarranted sentencing disparities. The issue is thus whether the application of the factors, and the resulting sentence, were reasonable.

In addition to ensuring the trial court considered the § 3553(a) factors, we must also "ascertain whether those factors were reasonably applied to the circumstances of the case." Cooper, 437 F.3d at 330. In doing so, this Court applies "a deferential standard" since "the trial court is in the best position to determine the appropriate sentence in light of the particular circumstances of the case." Id. Thus, we, as the reviewing court, evaluate only whether the sentencing court imposed the sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." Id.

Mr. Wynn claims that the District Court failed to "make any meaningful analysis" of the need to avoid sentencing disparity. Mr. Wynn draws our attention to the sentencing results visited upon his brother. Specifically, in this case, Alonzo Wynn and his brother both cooperated with the Government, had prior criminal convictions, and were found to

11

have had an aggravated role in the criminal activity. The main difference between the two is that Mr. Wynn's brother testified at the trial of two other co-conspirators. Although Alonzo Wynn "gave lengthy proffers to the Government," and was prepared and willing to testify at the other trial, the Government did not call him as a witness.

At the time of Mr. Wynn's re-sentencing, his brother had been sentenced to 100 months. The District Court sentenced Mr. Wynn to 210 months, the bottom of the appropriate Guidelines range. The District Court recognized this "point of disparity" between Mr. Wynn's Guidelines sentence and the sentences of his co-conspirators, including Mr. Wynn's brother, but the District Court concluded, "I think it may well have been as I assume that others had more important information and, therefore, got greater breaks in sentencing than this defendant did." The sentencing court also expressed concern about Mr. Wynn's prior criminal record, the seriousness of the crimes and their impact on the community, and the likelihood that alternative sentences would not prove successful. The District Court did observe that these factors were not materially different from his brother's circumstances.

Under § 3553(a)(6) the sentencing court's specific obligation is to avoid *unwarranted* disparity, and the sentencing court must be afforded all appropriate discretion to consider for itself such disparity as may be warranted. There is no obligation upon a sentencing court to be tethered to the lowest - - or the highest - - sentence meted out among a group of co-defendants. Indeed, if that were the operative

12

analysis for avoiding unwarranted "disparity," the array for comparison would be decidedly too narrow and one of the important features of the Sentencing Guidelines themselves - namely, melding a host of features relating to specific conduct, character and background among others "similarly situated" to present a range of punishment - would be for naught. A defendant who concentrates too hopefully, or too fearfully, upon the sentence imposed upon the least severely punished, or the most severely punished, in a group of co-defendants to be sentenced misapprehends both the role of the Guidelines and the role of the "disparity" factor. This Court has previously held "a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." United States v. Parker, 462 F.3d 273, 277 (3rd Cir. 2006). We are satisfied that the District Court's consideration of the disparity factor showed the disparity here as warranted. Thus, we do not find any unreasonableness in this sentence and will not disturb it.