**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2546
_____

UNITED STATES OF AMERICA

v.

RICHARD MOQUETE,
a/k/a Donald

Richard Moquete, Appellant

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00471-004)
District Judge: Hon. Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2013

BEFORE: AMBRO, HARDIMAN and COWEN,  <u>Circuit Judges</u>

(Filed: April 25, 2013)

_____

OPINION
_____

COWEN, <u>Circuit Judge</u>.

1

Defendant Richard Moquete challenges the criminal sentence imposed by the United States District Court for the Eastern District of Pennsylvania. We will affirm.

I.

This case arose out of the government's investigation of an extensive cocaine distribution ring. This organization imported the drugs from Ciudad Juarez, Mexico, to El Paso, Texas, transported the drugs by means of tractor trailers with secret compartments to Dayton, Ohio, Philadelphia, Pennsylvania, and the New York City area for distribution, and then used the same means to ship the proceeds back to Texas. Following a two-week trial, the jury found Moquete guilty on one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846, three counts of distributing, and aiding and abetting the distribution of, five kilograms or more of cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and one count of possession with intent to distribute, and aiding and abetting such possession of, five kilograms or more of cocaine in violation of § 841 and § 2. The District Court applied a three-point adjustment under U.S.S.G. § 3B1.1(b) for Moquete's role as a manager or supervisor in the criminal conduct. Without the adjustment, the advisory range under the Sentencing Guidelines would have been 235 to 293 months. Instead, the enhancement resulted in a range of 324 to 405 months. The District Court ultimately sentenced Moquete to 324 months of imprisonment as well as a five-year term of supervised release.

II.

According to Moquete, he did not—"in any stretch of the imagination"—manage or supervise other conspirators involved in the distribution of cocaine.[1] (Appellant's Brief at 14.) However, the District Court appropriately determined that Moquete at the very least controlled the actions of one other participant, specifically a man known as "Victor." United States v. DeGovanni, 104 F.3d 43, 46 (3d Cir. 1997) ("Courts which have addressed the issue of supervision have required that, to be a supervisor, there must be some degree of control over others involved in the commission of the offense." (emphasis omitted) (citations omitted)). Because he was leaving the country on vacation, Moquete directed "Victor" to meet with an individual who assisted in collecting the cash proceeds (and who was actually a confidential informant). At this meeting, "Victor" handed over $251,000 in proceeds on Moquete's behalf. The District Court likewise indicated that, among other things, a house owned by Moquete as well as a jeep registered in his name were used for money pick-ups and deliveries. Under the circumstances, we conclude that the District Court did not commit any reversible error by applying a three-point adjustment on account of Moquete's role as a manager or supervisor.

## III.

For the foregoing reasons, we will affirm the District Court's judgment and sentence.

---

[1] The District Court had jurisdiction over this criminal proceeding pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We exercise plenary review over the District Court's legal interpretations while its factual determinations are reviewed for clear error. See, e.g., United States v. Helbling, 209 F.3d 226, 242-43 (3d Cir. 2000).