BAUER, Circuit Judge.
Franklin Brown seeks to reduce his 292-month drug-distribution sentence based on the retroactive application of Amendment 782 to the federal sentencing guidelines. See 18 U.S.C. § 3582(c). The district court denied the motion, determining that Brown’s .offense level was unaffected by the amendment. We affirm.
Between 2003 and 2008, Brown purchased and distributed millions of dollar’s worth of cocaine in the Chicago area. United States v. Brown, 726 F.3d 993, 995 (7th Cir. 2013). He eventually was arrested by federal authorities and convicted by a jury of conspiring to distribute at least five kilograms of cocaine, see 21 U.S.C. §§ 846, 841(a)(1). Brown, 726 F.3d at 995-96.
At sentencing the parties disputed the quantity of cocaine for which Brown'was responsible. Brown argued that he should be held responsible only for five kilograms, as the jury had found, because, he asserted, that was the maximum established by reliable evidence. The government sought to hold him responsible for nearly 3000 kilograms, based on the trial testimony of three cooperating witnesses about the number of Brown’s transactions and the volume of drugs sold in each. The district *829 court determined without elaboration that 150 kilograms were “within the zone of this defendant’s responsibility,” and that this quantity had been “proven and probably proven twice over.” The quantity corresponded to a base offense level of 38 — the top base offense level provided in the drug quantity table. See U.S.S.G. § 2D1.1(c)(1) (2011) (base offense level of 38 applies to “150 KG or more of Cocaine”). The court added, “I think if we had a level 40 or a level 42 on top of that, it probably makes that figure, too.” Combined with a criminal history category of III, Brown’s total offense level of 38 (he received no adjustments) yielded a guidelines range of 292 to 360 months. The court sentenced him to the bottom of that range. Brown appealed his conviction — but not the court’s drug quantity calculation— and we affirmed. Brown, 726 F.3d 993.
Three years after he was sentenced, Brown filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence under Amendment 782. That amendment raised the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms to 450 kilograms. See U.S.S.G. § 1B1.10(d) & Supp. to App. C, amends. 782, 788 (2014). The government maintained that Brown’s base offense level was unchanged by the amendment because he was responsible for well over 450 kilograms based on witness testimony about his drug transactions. In reply Brown noted that the court had not found him accountable for a quantity more specific than 150 kilograms or more of cocaine, and asked the court to make a finding about the actual drug weight in order to determine whether he qualified for a sentence reduction under Amendment 782. If the court found him responsible for less than 450 kilograms, the amended guideline range would be 235 to 293 months (down from 292 to 360) and Brown asked the court to resentence him to the 240 month statutory minimum.
The district court declined to disturb its guideline calculation and denied the motion:
The problem for Brown is that his offense level is not, and has not, been lowered. He has an offense level of 38, and this level applies under both the older and the newer revised guidelines. The continuing existence of the level of 38 is the result of the very large quantities of cocaine involved. I found that Brown was clearly responsible for 150 kilograms of cocaine. Indeed, I thought the quantities might have been higher, but a level 40 or 42 was appropriate as well if the 2012 guidelines provided for levels of 40 to 42.1 thought there was no way to go further than level 38. There was evidence that more than 450 kilograms was part of his responsibility.
As an alternative basis for denying Brown’s motion, the court added that he was sentenced under the career offender guideline and therefore ineligible for any sentence reduction under the amendment.
Brown argues that the district court erred in concluding that Amendment 782 does not lower his offense level. He contends that the district court failed to make a drug-quantity finding more specific than his being responsible for “150 kilograms or more” of cocaine, and as a result could not have evaluated whether he was eligible for a reduction under § 3582(c)(2).
When a retroactive amendment to the guidelines alters the relevant drug-quantity thresholds for determining the base offense level, a district court in ruling on a § 3582(c) motion may need to make new findings — findings that are supported by the record and not inconsistent with those made in the original sentencing determination. United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010).
*830 The district court’s order is cursory but it did not commit reversible error in denying Brown’s motion. The court denied Brown’s motion because the amendment did not lower his offense level, noting that “there was evidence that more than 450 kilograms was part of his responsibility.” This statement — along with the court’s comment at sentencing that the very large quantities of cocaine warranted a higher base offense level than what was authorized under the guidelines — reflects the court’s determination that Brown was responsible for 450 kilograms or more of cocaine. While the district court could have expressed its drug-quantity finding more clearly, remand is not necessary because the outcome of such proceedings would be clear and remand futile. See United States v. Hallahan, 756 F.3d 962, 971 (7th Cir. 2014); United States v. Purchess, 107 F.3d 1261, 1269 (7th Cir. 1997). As the government points out, the record confirms that Brown was responsible for 450 kilograms: witnesses testified to delivering thousands of kilograms of cocaine and receiving millions of dollars as payments. Brown, 726 F.3d at 996.
We close by noting that the court’s alternative basis for denying the motion— that Brown was sentenced under the career offender guideline — was incorrect. But because the court properly concluded Brown’s offense level was unchanged by the amendment, this error was harmless. See United States v. Clayton, 811 F.3d 918, 921 (7th Cir. 2016) (applying harmless error to decision on § 3582(c)(2) motion).
AFFIRMED.