CLD-039                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3550
_____

UNITED STATES OF AMERICA

v.

TONY GRANADO,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:09-cr-00471-006)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2016
Before:  FISHER, SHWARTZ and BARRY, Circuit Judges

(Opinion filed:  November 18, 2016)
_____

OPINION*
_____

PER CURIAM

    Tony Granado is serving a 30-year sentence, imposed after he was convicted of

various federal drug crimes.  In August 2016, Granado filed a motion under 18 U.S.C.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

§ 3582(c)(2) to reduce his sentence based on Amendment 782 to the Guidelines (made retroactive by Amendment 788), which lightened penalties for many drug crimes by altering offense levels on the U.S.S.G. § 2D1.1 Drug Quantity Table. In particular, the amendment raised the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms to 450 kilograms. See U.S.S.G. § 1B1.10(d) & Supp. to App. C, amends. 782, 788 (2014). Amendment 782 thus did not lower the offense level for defendants, like Granado, found responsible for 450-plus kilograms of cocaine. See, e.g., United States v. Brown, 836 F.3d 827 (7th Cir. 2016).[1] Accordingly, the District Court denied relief, determining that its prior drug-quantity finding rendered Granado's base offense level of 38 unaffected by Amendment 782. Granado timely appealed.[2] We agree with the District Court's assessment, and will summarily affirm because the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[1] In anticipation of sentencing, the U.S. Probation Office prepared a PSR finding that Granado was responsible for over 1,500 kilograms of cocaine. The District Court accepted that finding, which resulted in a base offense level of 38. Three levels were added for Granado's role in the criminal conduct. An offense level of 41 coupled with Granado's Category III criminal history produced a sentencing range of 30 years to life.

[2] Granado's motion for a certificate of appealability is denied as unnecessary. See United States v. Taylor, 627 F.3d 674, 676 (7th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291. The District Court's interpretation of the Guidelines is reviewed de novo; denial of relief under § 3582(c)(2) is otherwise reviewed for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).