**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2414
_____

UNITED STATES OF AMERICA,

v.

DANTE LOZANO,
                            Appellant
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(District Court No. 2-15-cr-00228-01)
District Judge: Hon. Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 9, 2018
_____

Before: McKEE, VANAKSIE, and **SILER *Circuit Judges*

(Opinion filed: December 20, 2018)

_____

OPINION*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**Honorable Eugene E. Siler, Jr., Senior Circuit Judge for the Sixth Circuit Court of Appeals in Kentucky, sitting by designation.

McKEE, *Circuit Judge*.

 Dante Lozano appeals the sentence that was imposed after he pled guilty to conspiracy to distribute cocaine and related offenses. He argues that the District Court erred by imposing a four-level "organizer" adjustment pursuant to U.S.S.G. § 3B1.1. For the reasons that follow we will affirm.[1]

Our review of the District Court's interpretation of the Sentencing Guidelines is *de novo* and our review of the District Court's application of the Sentencing Guidelines to the facts is for clear error.[2] However, because Appellant failed to preserve his argument regarding the money laundering Guideline, we will review for plain error.[3]

Lozano argues that the applicable money laundering Sentencing Guidelines and the associated commentary[4] precluded the District Court from considering his role as a supplier in deciding if the four-level organizer adjustment under U.S.S.G. §3B1.1(a) applied to him.[5] We reject this argument. Although the court must base any Chapter

---

[1] The District Court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction to review the District Court's final sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[2] *United States v. DeGovanni,* 104 F.3d 43, 44 (3d Cir. 1997).

[3] *United States v. Husmann*, 649 Fed. App'x 154, 157 (3d Cir. 2016) (*citing Puckett v. United States* 556 U.S. 129, 134-35 (2009).

[4] U.S.S.G. § 2S1.1, comment (n.2(C)) ("Chapter 3 adjustment shall be determined based on the offense covered by this guideline (i.e., the laundering of criminally derived funds) and not on the underlying offense from which the laundered funds were derived.").

[5] The Sentencing Guidelines do not provide a definition for the terms "organizer" or "leader." However, commentary provides the following factors for the court to consider in making such determination: exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the

Three enhancement on the money laundering offense, neither the unambiguous text of the relevant Application Note, nor common sense, requires a sentencing court to turn a blind eye to the underlying conduct in fashioning an appropriate sentence. Here the court concluded that the record established that Lozano was an organizer or leader of *both* the drug conspiracy and the money laundering conspiracy, and nothing in the applicable Guidelines or the relevant Application Notes prevents the court from reaching that conclusion on this record.

Moreover, the court correctly concluded that the facts underlying Lozano's plea to the money laundering conspiracy alone established that he had "hired all of the key players," that the "nature and scope of the activities was broad and far-reaching," and that Lozano had "control and authority" over members of both the drug conspiracy and the money laundering conspiracy.[6]

Lozano also claims that the District Court erred by making erroneous findings of fact in determining that he was an organizer of both the drug conspiracy and the money

---

claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. U.S.S.G. § 3B1.1, comment. (n. 4). *See also United States v. Helbling*, 209 F.3d 226, 243-44 (3d Cir. 2000) ("[T]o be considered an organizer or leader, the defendant must have exercised some degree of control over the others involved in the commission of the offense.") (*quoting United States v. Fuller*, 897 F.2d 1217, 1220 (1st Cir. 1990)).

[6] The District Court specifically found that beginning in March 2012, Lozano instructed members of the drug conspiracy to send over $100,000 via mail order to the Brownsville, Texas Dairy Queen, the owner of which had been hired by Lozano to receive the money. Then, Lozano hired another individual to disperse the money into various accounts controlled by Lozano. **App. 37.**

laundering conspiracy.[7] The argument ignores his own admissions as well as the transcript of the sentencing and change of plea proceedings and the presentence report.[8]

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[7] Lozano claims that the District Court erred by finding that he had control over two members of the drug conspiracy, that he had recruited these members, that he required drug conspiracy members to pay him with mail orders, and that he gained a larger share of the money from the drug conspiracy. **Appellant Br. at 27-30**.

[8] *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (requiring a Court to have a "definite and firm conviction that a mistake has been committed" in order to hold that a lower court made erroneous findings of fact).