ALD-217                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3570
_____

UNITED STATES OF AMERICA

v.

RICHARD MOQUETE, a/k/a DONALD,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-09-cr-00471-004)
District Judge:  Honorable Paul S. Diamond
_____

Submitted on Appellee's Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2020
Before:  MCKEE, SHWARTZ, and PHIPPS, Circuit Judges

(Opinion filed:  July 22, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Richard Moquete appeals from an order of the District Court denying his motion

for reconsideration of its order denying his motion for reduction of sentence pursuant to

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

18 U.S.C. § 3582(c)(2). The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's order.

In 2012, Moquete was convicted in the United States District Court for the Eastern District of Pennsylvania of, inter alia, conspiracy to distribute five kilograms or more of cocaine, distributing five kilograms or more of cocaine, and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841, respectively. At sentencing, his base offense level was determined to be 38 and he was subject to a three-point enhancement for his role as a "manager or supervisor," resulting in an advisory guidelines range of 324 to 405 months' imprisonment; he was sentenced at the low end of the range to 324 months' imprisonment. On direct appeal, Moquete challenged the sentencing enhancement, and we affirmed. See United States v. Moquete, 517 F. App'x 115 (3d Cir. 2013).

In 2016, Moquete filed a motion to reduce his sentence pursuant to § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels assigned to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels. In particular, the amendment raised the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms to 450 kilograms. See U.S.S.G. § 1B1.10(d) & Supp. to App. C, amends. 782, 788 (2014). In December 2016, the District Court denied Moquete's motion after determining that it did not lower the level of his Guidelines

range. Specifically, the Court noted that at sentencing it found Moquete was responsible for the distribution of at least 1,500 kilograms of cocaine, and that this determination rendered Moquette's base offense level of 38 unaffected by Amendment 782. See, e.g., United States v. Brown, 836 F.3d 827 (7th Cir. 2016). Moquete did not appeal from that order.

In June 2018, Moquete filed a motion for reconsideration, see Fed. R. Civ. P. 59(e), arguing that the District Court erred in denying his § 3582 motion because the quantity of cocaine it found attributable to him was based on a finding by the U.S. Probation Office and not by a jury, and relying on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum" must be found by a jury beyond a reasonable doubt), and Alleyne v. United States, 570 U.S. 99, 103 (2013) (holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). Moquete also argued that, had the District Court appointed counsel, he likely would have succeeded in his motion to reduce his sentence. In an order entered September 26, 2019, the District Court denied the motion for reconsideration, and this appeal ensued.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]  We review the denial of a

motion for reconsideration for abuse of discretion.  Santini v. Fuentes, 795 F.3d 410, 416

(3d Cir. 2015).  We may summarily affirm the District Court's order if the appeal

presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6

As the Government notes on appeal, Moquete's motion to reconsider the denial of

his § 3582 motion was untimely.  See Fed. R. Civ. P. 59(e).  But even setting aside the

issue of timeliness, the motion clearly failed because, as the District Court noted, there

was no reason for it to reconsider its order.  See  Max's Seafood Café ex rel. Lou-Ann,

Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a litigant seeking

reconsideration must show that (1) there has been "an intervening change in controlling

law," (2) new evidence is available, and/or (3) there is a "need to correct a clear error of

law or fact or to prevent manifest injustice").  In any event, we agree with the

Government that, to the extent Moquete's arguments attacking his sentence were based in

---

[1] Moquete seeks to appeal only the order denying his motion for reconsideration.
Pursuant to Fed. R. App. P. 4(b)(1)(A), a defendant in a criminal case has 14 days from
the entry of the district court's judgment to timely file a notice of appeal.  A § 3582(c)(2)
motion is considered a continuation of the criminal proceedings and, accordingly, the
fourteen-day period for filing a notice of appeal applies.  See United States v. Espinosa-
Talamantes, 319 F.3d 1245, 1246 (10th Cir. 2003).  Moquete's notice of appeal was filed
on October 23, 2019, and was, therefore, untimely.  Nonetheless, we will review the
merits of this appeal because the fourteen-day period for filing a notice of appeal in a
criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29
(3d Cir. 2010), and the Government waived the issue by failing to raise it.  Id. at 329; see
also United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

part on grounds unrelated to Amendment 782, they were outside the scope of a § 3582 proceeding. See Dillon v. United States, 560 U.S. 817, 831 (2010); see also United States v. Ortiz-Vega, 744 F.3d 869, 873-74 (3d Cir. 2014) ("[A] court may not revisit or re-decide guideline applications during a § 3582(c)(2) proceeding, but rather must work only with the sentence actually imposed."); United States v. McBride, 283 F.3d 612, 616 (3d Cir. 2002) (holding that a defendant's argument based on Apprendi was outside the scope of a § 3582(c) motion).[2]

Based on the foregoing, Moquete's challenge to the District Court's order does not present a substantial question. We therefore grant the Government's motion for summary affirmance and we will summarily affirm the District Court's order.[3]

---

[2] We note that, pursuant to an Administrative Order issued by the Eastern District of Pennsylvania on October 6, 2014, Moquete's motion to reduce his sentence was reviewed by a committee, including representatives of the United States Attorney's Office, the Federal Defenders Association, and the U.S. Probation Office, to determine his eligibility for a sentence reduction under Amendment 782. See District Court Docket #404.

[3] In light of our disposition, the Government's motion to be relieved of filing a brief is denied as moot.