**DLD-125**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2670
_____

UNITED STATES OF AMERICA

v.

RICHARD MOQUETE, a/k/a Donald,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:09-cr-00471-004)
District Judge:  Honorable Paul S. Diamond

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 14, 2022

Before:  KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 13, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Richard Moquete, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, we grant the Government's motion for summary action and will summarily affirm the judgment of the District Court.

Moquete participated in an extensive cocaine trafficking organization. In 2012, he was convicted of multiple offenses, including conspiracy to distribute five kilograms or more of cocaine, distribution of five kilograms or more of cocaine, and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846. Moquete was sentenced to 324 months in prison. His anticipated release date is in 2033. We affirmed the judgment on direct appeal. United States v. Moquete, 517 F. App'x 115 (3d Cir. 2013).

In 2021, Moquete moved for compassionate release based on his medical conditions and the COVID-19 pandemic. He stated that he suffered from high blood pressure, was pre-diabetic, and had ongoing issues with his ankle and left hand. Moquete had already been infected with COVID-19. He believed that, if re-infected, he was at risk of severe illness. Moquete argued that prison conditions placed him at risk of infection and that his

release was warranted under the applicable sentencing factors, particularly in light of his post-conviction rehabilitation.

The District Court found that Moquete did not suffer from life-threatening medical conditions, that he could perform normal activities of daily living, and that his medical records did not reflect that he had hypertension or was pre-diabetic. The District Court rejected Moquete's contention that the pandemic coupled with his risk factors established extraordinary or compelling reasons for his release. It noted that he had refused the COVID-19 vaccine, that he had already contracted COVID-19, and that he had suffered mild symptoms of headaches and loss of taste and smell. The District Court also ruled that the sentencing factors and Moquete's danger to others weighed against his release. Moquete appealed and filed his brief. The Government now moves for summary affirmance of the District Court's decision.[1]

We have jurisdiction under 28 U.S.C. § 1291. We review a decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may take summary action if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and

---

[1] The Government's request to file its motion out of time is granted.

compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. Id. § 3582(c)(1)(A).

The District Court did not abuse its discretion in ruling that Moquete did not establish extraordinary and compelling reasons warranting his release. Moquete did not show that he suffers from a medical condition that puts him at risk of severe illness should he be re-infected with COVID-19. The record reflects that Moquete, who is 45 years old, has orthopedic issues, chronic acid reflux, a Vitamin D deficiency, and skin rashes. And, as the District Court noted, he had COVID-19, recovered, and refused the COVID-19 vaccine. Although the District Court erred to the extent it indicated that it must apply United States Sentencing Guideline § 1B1.13, see United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021), its decision that Moquete did not establish extraordinary and compelling reasons was not limited by this policy statement. The District Court considered the reason Moquete advanced for his release and concluded that the record did not support it.[2]

Accordingly, we grant the Government's motion and will summarily affirm the judgment of the District Court.

---

[2] Because Moquete did not establish extraordinary and compelling reasons, it is unnecessary to consider whether the District Court erred in ruling that the sentencing factors weighed against his release.