PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1482
_____

UNITED STATES OF AMERICA

v.

JOSE ORTIZ-VEGA,
                    *Appellant*

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-04-cr-00015-001)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

Before:  MCKEE, *CHIEF JUDGE*, FUENTES, and SLOVITER, *Circuit Judges*

(Filed:  March 12, 2014)

Mark E. Coyne, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ  07102

Bernadette A. McKeon, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106

*Counsel for Appellee*

Sarah S. Gannett, Esq.
Christy Unger, Esq.
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA  19106

*Counsel for Appellant*

———————————

## O P I N I O N
———————————

Sloviter, *Circuit Judge*.

This case involves a novel question as to when a reduction in sentence based on retroactive changes to the sentencing guidelines for crack cocaine is applicable. Jose Ortiz-Vega appeals his 108 month sentence for cocaine base ("crack") offenses. Ortiz-Vega argues that he is eligible for a sentence modification under 18 U.S.C. § 3582(c)(2) in light of retroactively applicable modifications to the federal Sentencing Guidelines dealing with crack cocaine offenses. For the reasons given below, we reverse the District Court's denial of Ortiz-Vega's request for sentence modification, and remand for further consideration in light of our decision.[1]

————————————

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and had jurisdiction to consider Ortiz-Vega's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c). *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

I.

Ortiz-Vega pled guilty to multiple counts of crack cocaine possession and distribution, as well as possession of a firearm in furtherance of a drug trafficking offense. The District Court sentenced him on July 6, 2004 to 108 months imprisonment on the drug charges, a mandatory 60 months, to be served consecutively, on the firearm count, and 10 years of supervised release, all sentences suggested by the government in the plea agreement.

Various statutory provisions were applicable to Ortiz-Vega's sentence. The Sentencing Guidelines called for a sentence of 97-121 months on the drug charges, and the gun offense carried a mandatory consecutive sentence of 60 months. 18 U.S.C. § 24(c)(1)(A)(I). Additionally, the drug charges carried, at the time, a mandatory minimum penalty of 120 months. 21 U.S.C. § 841(b)(1)(A)(iii) (2006) (since amended several times, most recently in 2010). This ought to have led to a sentencing range for Ortiz-Vega of 120-121 months. However, the mandatory minimum sentence was not asked for by the government, and was not applied by the District Court. The District Court sentenced Ortiz-Vega to 108 months on the drug charge, and the government did not challenge this, seek resentencing, or appeal within the relevant periods.

In 2010, the Fair Sentencing Act ("FSA") was passed by Congress, seeking to "restore fairness to Federal Cocaine sentencing" by lowering the mandatory minimum penalties for distributing crack cocaine. Fair Sentencing Act of 2010, Pub. L. 111-220, § 2, 124 Stat. 2372 (2010). The FSA reduced the disparity in quantities triggering mandatory

4

minimum sentences between crack cocaine and powder cocaine from 100:1 to approximately 18:1. Congress gave the Federal Sentencing Commission authority to promulgate new guidelines to conform the Sentencing Guidelines with the FSA's new penalty ratios. The new guideline, U.S.S.G. App. C, amd. 750, was promulgated in 2010, and made retroactive, effective November 1, 2011. *See* U.S.S.G. App. C, amd. 759. Under the new, retroactive Guidelines, the offense level for the drug offenses in Ortiz-Vegas' case would be 30. With the relevant upward and downward adjustments already established, this would lead to a Guideline range of 78-97 months rather than 97-121 months for Ortiz-Vega. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

In the sentence modifications proceedings before the District Court, the government argued, and the District Court accepted, that Ortiz-Vega was not eligible for a sentence reduction because such a reduction was blocked by operation of the 120 month mandatory minimum sentence that should have been, but was not, applied to Ortiz-Vega. This decision was at least arguably consistent with the controlling precedent in this circuit at the time, *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009). Not long after the District Court denied Ortiz-Vega's request for a sentence modification, however, this court, in *United States v. Savani*, 733 F.3d 56, 58 (3d Cir. 2013), held that *Doe* had been superseded by the 2010 amendments to the Sentencing Guidelines. Ortiz-Vega appealed.

II.

This appeal presents the novel question of whether a defendant, who would otherwise be eligible for a sentence reduction based on a change in Guideline ranges, is rendered

5

ineligible for the reduction by a relevant mandatory minimum sentence, despite the fact that the mandatory minimum was not actually applied in his or her case.

18 U.S.C. § 3582(c)(2) governs modification of sentences in the case that a sentencing guideline has been changed. It provides an exception to the normal rule, 18 U.S.C.§ 3582(c), that a court may not modify a term of imprisonment once it has been imposed. The exception provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Following this rule would suggest that Ortiz-Vega should be eligible for a sentence reduction, as he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (App. 5, 10) However, a question arises here as to whether such a reduction would be, in this case, "consistent with the applicable policy statements issued by

6

the Sentencing Commission." The District Court held that it would not be.

In relevant part, Application Note 1(A) to Section 1B1.10 of the Sentencing Commission's policy statement states that a sentence reduction under § 3582(c)(2) is "not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." These policy statements are binding on the courts. *See Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

The District Court, taking its lead from our decision in *Doe*, held that this policy statement rendered Ortiz-Vega ineligible for a sentence reduction because the "operation of . . . a statutory mandatory minimum term of imprisonment" applied to him. In such a case, the District Court held, the "mandatory minimum sentence subsumes and becomes the applicable guideline range for the Defendant." (App. 17 (citing *Doe*, 564 F.3d at 312)) Because the District Court held that the policy statement ruled out reducing Ortiz-Vega's sentence, it did not directly consider so-called "Step One" in the § 3582(c)(2) analysis, addressing whether or not Ortiz-Vega's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

The District Court, in denying Ortiz-Vega's motion for sentence reduction, relied on our decision in *Doe*. However,

7

in the time after the District Court's decision, this court held that *Doe* was superseded by statute. While, under *Doe*, the court understood the Sentencing Commission policy statement to require treating a mandatory minimum sentence as the "applicable guideline range" whether or not the mandatory minimum was actually applied to the particular defendant, in *Savani* we held that this interpretation had been foreclosed by revisions to the guideline commentary. *Savani*, 733 F.3d at 62. After the November 2011 revisions to the Guidelines, the commentary to § 1B1.10 now defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provisions in the Guidelines Manual or any variance." U.S.S.G § 1B1.10, Comment (n.1(A)) (Nov. 2011). This suggests that "applicable guideline range" in § 1B1.10 means the sentencing range corresponding to the defendant's offense level and criminal history category, not in terms of a mandatory minimum sentence if the mandatory minimum was not actually applied. *Savani*, 733 F.3d at 62, 65.

After *Savani*, the District Court's justification for denying Ortiz-Vega's request for sentencing modification is no longer applicable. The government, however, asks us to distinguish this case from *Savani* on the grounds that the defendants in *Savani* were given sentences below the otherwise applicable mandatory minimum sentence because of substantial assistance departures, while this was not so in Ortiz-Vega's case. While not a complete non sequitur, this argument is not, in the end, convincing. The plausible part of the government's argument is that substantial assistance is one of the few explicit reasons for imposing a sentence below

8

the statutory mandatory minimum authorized by 18 U.S.C. § 3553(e). Imposing a sentence below the mandatory minimum is rarely, if ever, authorized on other grounds. But, the commentary language itself does not provide the limitation the government seeks, and we see no reason to read it back into the rule itself. The reason for not imposing a mandatory minimum sentence may be relevant when a district court decides whether to exercise discretion in granting a modification of sentence or not, but is not a part of the comment language itself, and it would be inappropriate to add this requirement on our own.

III.

The District Court decided that Ortiz-Vega was not eligible for a sentence modification under § 3582(c)(2) on the ground that such a modification would not be "consistent with applicable policy statements issued by the Sentencing Commission." (App. 16) Because the District Court wrongly held that Ortiz-Vega was not eligible for modification under this "Step Two" analysis, it did not address Step One. We, however, must consider Step One. This requires that the defendant have been sentenced to a term of imprisonment, "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18. U.S.C. § 3582(c)(2).

The government here contends that, even though it was not actually applied to Ortiz-Vega, he was nonetheless "subject to" the mandatory minimum sentence, and therefore his sentence was not "based on a sentencing range that has subsequently been lowered." Ortiz-Vega contends that, while it is true that the mandatory minimum should have been

9

applied, it was not, and he was therefore not "subject to" it, and his sentence was therefore clearly "based on" a sentencing range (the crack cocaine Guidelines) that were subsequently changed. There is some plausibility to both interpretations. There is a plausible sense of "subject to" where Ortiz-Vega was "subject to" the mandatory minimum sentence even though it was not actually applied, given that it should have applied.

However, the more plausible interpretation would require that the mandatory minimum actually be applied — that the defendant be subjected to it — for the defendant to be ineligible for modification under Step One. This interpretation fits better with the statutory language itself, since if a defendant is subjected to a mandatory minimum, he or she would not be given a sentence "based on a sentencing range that has subsequently been lowered." And, in Ortiz-Vega's actual case, it is quite clear from the District Court's sentencing hearing that he was given a sentence "based on a sentencing range that has subsequently been lowered." For this reason, it is clear that Ortiz-Vega meets the requirements for Step One, allowing him to seek a sentence modification.

IV.

One additional basis for our decision that Ortiz-Vega is eligible for a sentence modification must also be discussed. While it is not completely clear why the mandatory minimum was not applied to Ortiz-Vega, this omission is characterized by the government and the District Court as a mistake or an error. The government suggests that, in deciding whether to grant a sentence modification to Ortiz-Vega, we should act as if the mandatory minimum were actually applied, and

10

therefore deny the modification.  The District Court largely agreed with this, holding that to grant a modification at this point would be to "perpetuate [the] error" by "overlook[ing] the statutory mandatory minimum twice."  (App. 21)

As Ortiz-Vega convincingly argues, however, this is almost exactly backwards.  As the District Court itself noted, prior sentencing errors cannot be modified in a § 3582(c)(2) proceeding.  This was confirmed by the Supreme Court, which has stated unequivocally that a court may not revisit or re-decide guideline applications during a § 3582(c)(2) proceeding, but rather must work only with the sentence actually imposed.  *See Dillon*, 560 U.S. at 831.  The large majority of cases that have addressed this issue have considered errors that went against the defendant.  But, there is no reason why this principle should apply only when it goes against defendants, and not when it benefits them, and nothing in the relevant court decisions would support such an interpretation.  As odd as it may seem, "perpetuating an error" is exactly what is required by *Dillon* in a case like this.  The District Court was therefore incorrect to use the past error as a reason to deny a sentence modification.

V.

The FSA not only called for change in the crack cocaine sentencing guidelines, it also lowered several mandatory minimum sentences.  If Ortiz-Vega had been convicted of the same crimes after the passage of the FSA, he would have faced a 60 month mandatory minimum, rather than the 120 months that should have applied to him.  *See* 21 U.S.C. § 841(b)(1)(A) & (B), *as amended by* Pub. L. 111-220 (2010).  Ortiz-Vega argues that, if he is subject to a

11

mandatory minimum, it ought to be to the post-FSA mandatory minimum, a sentence that would be below his applicable guideline sentence. Unlike his earlier arguments, this argument is without merit. The FSA mandatory minimum was not made retroactive, and this court, and every other court of appeals to consider the issue, has held that the FSA mandatory minimums do not apply to defendants who committed their offenses and were sentenced prior to the enactment of the FSA in August, 2010. *See United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010).

However, the fact that the FSA significantly lowered the mandatory minimum that someone like Ortiz-Vega would be subject to if his crime had taken place today may still have some relevance for this case. The final decision as to whether to grant a sentence modification is a discretionary decision for the district court, even if a defendant qualifies for a modification under § 3582(c)(2). This discretionary element is signaled by the language in § 3582(c)(2) that says "the court *may* reduce" the sentence (emphasis added). The fact that the FSA has cut in half the mandatory minimum that someone like Ortiz-Vega would be sentenced to today surely tells in favor of exercising discretion in his favor to reduce his sentence. The government suggests that the District Court had signaled that it would not exercise discretion in favor of Ortiz-Vega, and implies that this gives us further grounds to uphold the sentence. Because the District Court found that it lacked authority to modify Ortiz-Vega's sentence, the question of the District Court's exercise of discretion in this case was not before us. We will therefore remand so that the District Court can exercise its discretion.

## VI.

This case presents an interaction of complex statutes, policy statements, and confused prior proceedings, making for a difficult and perhaps unique pattern. However, for the reasons given above, we find that Ortiz-Vega is eligible for a sentence modification under 18 U.S.C. § 3582(c)(2), and remand to the District Court for further proceedings consistent with this decision.