**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2430
_____

UNITED STATES OF AMERICA

v.

THEODORE BROWN,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-04-cr-00088-001)
District Judge: Honorable Mark R. Hornak
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: July 21, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Theodore Brown appeals the District Court's partial denial of his motion for a

sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow,

we will affirm.

I.

On January 31, 2004, officers from the Pittsburgh Police Department stopped a vehicle being driven by Brown for multiple traffic violations. During the course of the stop, the officers observed a marijuana cigar in the vehicle's ashtray. The officers placed Brown under arrest and conducted an inventory search of his vehicle, which revealed approximately 24 grams of crack cocaine, 23 bags of heroin, seven small bags of marijuana, and a loaded .32 caliber semiautomatic handgun.

On April 20, 2004, a grand jury sitting in the Western District of Pennsylvania returned a three-count indictment against Brown, charging him as follows: Count One, possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Count Two, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and Count Three, possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Brown pled guilty to all the counts on May 5, 2005.

Because Brown's offense involved more than five grams of crack cocaine, he was subject to a mandatory minimum prison term of five years on Count One. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2006). On September 1, 2005, the District Court sentenced Brown to 70 months' imprisonment on both Counts One and Two, to be served concurrently, and to 60 months on Count Three, to be served consecutively, for a total prison term of 130 months.

Nearly five years later, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub.L. 111-120, 124 Stat. 2372 (2010), in order to reduce the sentencing

disparity between crack and powder cocaine offenses by increasing the threshold amount of crack cocaine necessary for imposition of the mandatory minimum sentences set forth in 21 U.S.C. § 841(b). Relevant to this case, the FSA amended the sentencing provisions in 21 U.S.C. § 841(b)(1)(B) by raising the amount of crack cocaine required to trigger a five-year mandatory minimum sentence from 5 grams to 28 grams.

The FSA also authorized the United States Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guidelines provisions and applicable law." *Id.* § 8, 124 Stat at 2374. Pursuant to this authority, "the Commission promulgated Amendment 750," which "reduced the crack-related offense levels in § 2D1.1 of the Guidelines." *United States v. Berberena*, 694 F.3d 514, 517-18 (3d Cir. 2012). Amendment 750 was made retroactive by Amendment 759, effective November 1, 2011. *See* U.S.S.G. App. C, Amd. 750.

On January 3, 2012, Brown filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction of sentence based on Amendment 750 and the FSA.[1] He asked the District Court to reduce his concurrent 70-month sentences for Counts One and Two to 46 months, the bottom end of his amended Guidelines range, for a total prison sentence

---

[1]     Section 3582(c)(2) allows a district court to "reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2).

of 106 months.[2]  On April 29, 2013, the District Court issued an opinion holding that it had the power to reduce Brown's concurrent sentences for Counts One and Two by 10 months, from 70 to 60, but that it lacked the authority to reduce the sentence any further because Brown remained subject to the pre-FSA mandatory minimum sentence of 60 months for Count One.  The District Court deferred its ruling on the remainder of Brown's motion pending review of the parties' memoranda setting forth their respective positions regarding the appropriate reduction in Brown's sentence, if any.

In its sentencing memorandum, the government stated that it did not object to a 10-month reduction of Brown's sentence, but agreed with the District Court that Brown was not eligible for a reduction below the statutory minimum in effect at the time of the original sentencing.  On May 22, 2013, the District Court reduced Brown's concurrent 70-month sentences on Counts One and Two to 60 months, which, when combined with Brown's consecutive 60-month sentence on Count Three, resulted in a 120-month term of imprisonment.  Brown appeals, arguing that the District Court erred in finding that it lacked authority to award him a greater sentence reduction.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.  We review a district court's resolution of a § 3582(c) motion for abuse of discretion.  *United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2010).  We review de novo "a district court's conclusions regarding the scope of its

---

[2]      Both the Government and Brown agreed before the District Court that, "before consideration of any mandatory minimums," the post-FSA amendments lowered the sentencing range applicable to Brown to 46 to 57 months.  (App. 3.)

authority under 18 U.S.C. § 3582(c)." *United States v. Ortiz-Vega*, 744 F.3d 869, 870 n.1 (3d Cir. 2014).

Brown's assertion that the District Court should have reduced his sentence in accordance with the post-FSA Sentencing Guidelines, even though he was sentenced in 2005, well before the FSA was enacted, is foreclosed by this Court's precedent. *See United States v. Turlington*, 696 F.3d 425 (3d Cir. 2012); *United States v. Reevey*, 631 F.3d 110 (3d Cir. 2010). The District Court rightly held that Brown is not entitled to relief under *Dorsey v. United States*, 132 S.Ct. 2321 (2012), which addresses the applicability of the FSA to defendants who were convicted of crack offenses prior to the FSA's effective date of August 3, 2010, but were sentenced thereafter. *Turlington*, 696 F.3d at 428.

As we have previously explained, *Dorsey* "does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA." *Turlington*, 696 F.3d at 428. The District Court therefore lacked authority to reduce Brown's sentence below the 60-month statutory minimum applicable to his crack cocaine offense at the time he was sentenced.[3]

III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] Brown also argues that the District Court should have adopted his interpretation of the FSA to avoid Due Process and Eighth Amendment issues. The FSA does not raise the constitutional issues Brown identified, *see United States v. Blewett*, 746 F.3d 647, 658-60 (6th Cir. 2013) (en banc), and therefore, the constitutional avoidance canon is inapplicable.