DLD-224                                                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3488
_____

UNITED STATES OF AMERICA

v.

DONALD JONES,
                         Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 08-cr-00007-001)
District Judge: Honorable C. Darnell Jones, II

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 2, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Donald Jones pleaded guilty to possessing crack cocaine with the intent

to distribute it and related charges and was sentenced to 120 months' imprisonment in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

September 2008. Jones was subject to a then-10-year statutory mandatory minimum term because 36.98 grams of crack cocaine were involved in his crimes and he had a prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006). His sentence was affirmed on appeal. See United States v. Jones, C.A. No. 08-4111 (order entered Mar. 18, 2009).

Jones mounted multiple unsuccessful post-conviction challenges to his sentence. As relevant here, on July 14, 2014, Jones requested reduction of his sentence under 18 U.S.C. § 3582(c)(2) based on recent amendments to the U.S. Sentencing Guidelines. The District Court denied the motion. Jones timely appealed. The Government has requested that we summarily affirm the District Court's judgment.

We have jurisdiction over the appeal under 28 U.S.C. § 1291. We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines and review the denial of Jones' § 3582(c)(2) motion for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's decision if an appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction is not authorized under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable

2

guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(a)(2)(B) & cmt. n.1(A); see United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'")

In 2010, the Fair Sentencing Act ("FSA") increased the quantity of crack cocaine necessary to trigger the 10-year mandatory minimum for prior felony drug offenders from 5 grams to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii). The Sentencing Commission promulgated amendments to conform the Guidelines to the FSA and to make the changes apply retroactively. See U.S.S.G. app. C, amends. 750, 759 (2011).[1] Additionally, Amendment 782 to the Guidelines, which came into effect on November 1, 2014, and has been applied retroactively, reduced by two the base offense levels assigned to specific drug quantities. See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014).

---

[1] Although Jones cites Amendment 706, it went into effect on November 1, 2007, almost one year before Jones' September 2008 sentencing. Thus, even if a mandatory minimum sentence were not at issue, Jones would be ineligible for a sentence reduction based on Amendment 706. See 18 U.S.C. § 3582(c)(2) (permitting court to reduce a sentence where the applicable sentencing range was "subsequently" lowered). Jones also references Amendments 746 and 748, neither of which provides a basis for reducing his sentence. Amendment 746 made only technical and conforming changes to provisions relevant to drug offenses, and Amendment 748 made temporary changes that were permanently re-promulgated, and thus mooted, by Amendment 750. See U.S.S.G. app. C, amends. 746, 748 (2010); U.S.S.G. app. C, amend. 750 (2011).

The District Court did not abuse its discretion in denying Jones' request for a reduced sentence under the FSA and amendments to the Sentencing Guidelines. See Mateo, 560 F.3d at 154. The FSA, which went into effect in 2010, does not apply retroactively to Jones, who was sentenced in 2008. See United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010). The Sentencing Commission, however, has exercised its authority to make various of its amendments to the Guidelines—including its changes in response to the FSA—retroactive. See United States v. Curet, 670 F.3d 296, 309–10 (1st Cir. 2012). Nevertheless, Jones cannot benefit from the Guideline amendments he cites. They do not "have the effect of lowering [his] applicable guideline range" because he was sentenced to a statutory mandatory minimum term. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A).

Contrary to Jones' claim, our decision in Ortiz-Vega does not indicate otherwise. The prisoner in Ortiz-Vega was held to be eligible for a sentence reduction because—although he would have received a mandatory minimum sentence but for court error—he in fact received a sentence lower than the minimum. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006); Ortiz-Vega, 744 F.3d at 871. Jones, by contrast, received the statutory minimum term. Unlike the exceptional scenario presented in Ortiz-Vega, therefore, Jones' mandatory-minimum sentence cannot subsequently be lowered by a change to his guideline range within the meaning of § 3582(c)(2). See U.S.S.G. § 1B1.10 cmt. n.1(A).

Accordingly, because we conclude that this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.