**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2399
_____

UNITED STATES OF AMERICA

v.

DONALD JONES,
    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-08-cr-00007-001)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: September 8, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Donald Jones, a federal prisoner proceeding pro se, appeals the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

## I.

In 2008, Jones pleaded guilty to possessing crack cocaine with the intent to distribute and related charges. He received a sentence of 120 months in prison. Jones was subject to a then-10-year statutory mandatory minimum term because 36.98 grams of crack cocaine were involved in his crimes and he had a prior felony drug conviction. See 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Jones appealed; we granted the Government's motion to enforce his appellate waiver and to summarily affirm in light of the appellate waiver. See United States v. Jones, C.A. No. 08-4111 (order entered on Mar. 18, 2009).

Since then, Jones has mounted multiple unsuccessful post-conviction challenges to his sentence. This appeal concerns Jones' January 7, 2015, request for a sentence reduction under § 3582(c)(2) based on United States v. Booker, 543 U.S. 220 (2005), Kimbrough v. United States, 552 U.S. 85 (2007), and recent amendments to the U.S. Sentencing Guidelines. The District Court denied the motion, and Jones appeals.[1]

## II.

---

[1] In filings submitted to this Court, Jones alleges the District Court violated his right to due process by ruling on his motion before he had an opportunity to reply to the Government's response. Jones also alleges the timing of the District Court's ruling demonstrates actual bias against him and that the District Court erred by initially staying his motion. We disagree. The District Court did not err by staying the motion or issuing its order after considering the Government's response and determining that Jones was not entitled to relief based on the record. The timing of the ruling and that fact that it was adverse to Jones does not demonstrate bias, actual or implied. See generally SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

We have jurisdiction over the appeal under 28 U.S.C. § 1291. We exercise plenary review of the District Court's interpretation of the Sentencing Guidelines and review the denial of Jones' § 3582(c)(2) motion for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

## III.

A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction is not authorized under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(a)(2)(B) & cmt. n.1(A); see United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'")

In 2010, the Fair Sentencing Act ("FSA") increased the quantity of crack cocaine necessary to trigger the 10-year mandatory minimum for prior felony drug offenders from 5 grams to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii). The Sentencing Commission promulgated amendments to conform the Guidelines to the FSA and to make the changes apply retroactively. See U.S.S.G. app. C, amends. 750, 759 (2011). Additionally,

3

Amendment 782 to the Guidelines, which came into effect on November 1, 2014, and has been applied retroactively, reduced by two the base offense levels assigned to specific drug quantities. See U.S.S.G. § 2D1.1(c) & app. C. supp., amends. 782, 788 (2014).

The District Court did not abuse its discretion in denying Jones' latest request for a reduced sentence. See Mateo, 560 F.3d at 154. As we have explained previously, see United States v. Jones, C.A. No. 14-3488, 605 F. App'x 81, 82 (3d Cir. 2015), the FSA, which went into effect in 2010, does not apply retroactively to Jones, who was sentenced in 2008. See United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010). The Sentencing Commission, however, has exercised its authority to make various amendments to the Guidelines—including its changes in response to the FSA—retroactive. See United States v. Curet, 670 F.3d 296, 309–10 (1st Cir. 2012). Nevertheless, Jones cannot benefit from the recent Guidelines amendments. The amendments do not "have the effect of lowering [his] applicable guideline range" because he was sentenced to a statutory mandatory minimum term. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(A). We also reject Jones' arguments that Booker and Kimbrough counsel a different result. Those cases do not provide a basis for a sentence reduction not otherwise permitted under § 3582(c)(2). See Mateo, 560 F.3d at 155-56.

IV.

Accordingly, we will affirm the judgment of the District Court.