NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4389
_____

UNITED STATES OF AMERICA

v.

ADALBERTO VASQUEZ-LIRIANO,

Appellant
_____

On Appeal from the District
of the Virgin Islands
District Court No. 3-12-cr-00028-001
District Judge: The Honorable Curtis V. Gómez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2017

Before: SMITH, *Chief Judge*, McKEE, and SCIRICA, *Circuit Judges*

(Filed:  January 16, 2018)

_____

OPINION*
_____

SMITH, *Chief Judge*

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Adalberto Vasquez-Liriano pleaded guilty in 2013 in the District Court of the Virgin Islands to possession with intent to distribute five kilograms or more of cocaine hydrochloride. He was sentenced to 120 months of imprisonment, followed by 60 months of supervised release—the mandatory minimum sentence for his crime of conviction. 21 U.S.C. § 841(b)(1)(A). In 2014, and again in 2016, Vasquez-Liriano moved to reduce his sentence, arguing that Amendment 782 to the U.S. Sentencing Guidelines made him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). In December 2016, the District Court denied both motions. Vasquez-Liriano timely appealed the denial of his motions. We will affirm.[1]

I.

Vasquez-Liriano argues he is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2), which provides that a court

> may . . . [reduce] a term of imprisonment once it has been imposed . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

A sentence is not "based on a sentencing range that has subsequently been lowered" if the relevant change to the Sentencing Guidelines "does not have the effect of

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's legal interpretation of the Sentencing Guidelines and relevant statutes de novo; we review the District Court's ultimate ruling on a motion to reduce a sentence under 18 U.S.C. § 3852(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 cmt. n.1(a); *United States v. Ortiz-Vega*, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'").

Vasquez-Liriano's sentence was based on a mandatory minimum sentence established by 21 U.S.C. § 841(b)(1)(A), not on a guideline range subsequently affected by Amendment 782. Had Vasquez-Liriano been sentenced after Amendment 782 went into effect, his sentence would have been unchanged.[2] The mandatory minimum sentence of 120 months' imprisonment exceeds both the pre-Amendment guideline range of 87 to 108 months' imprisonment, App. at 32, and the post-Amendment guideline range of 70 to 87 months' imprisonment. *See* U.S.S.G. app. C, amend. 782 (applying a two-level reduction to base offense level for certain drug offenses); U.S.S.G. Sentencing Table (2012). Because Vasquez-Liriano's mandatory minimum sentence exceeded both the pre- and post-Amendment guideline ranges, the mandatory minimum sentence would become the guideline sentence in either case. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Vasquez-Liriano was sentenced based on a required minimum sentence, not a guideline range

subsequently lowered by the Sentencing Commission, and he is not eligible for a reduction in his sentence.[3]

## II.

Vasquez-Liriano also argues, for the first time on appeal, that he might qualify for the "safety valve" of 18 U.S.C. § 3553(f), which would excuse him from the application of the mandatory minimum sentence. Not only has Vasquez-Liriano never argued that the safety valve applied to his case, he conceded at his sentencing hearing that it did not apply. Counsel acknowledged that the safety valve did not apply, and that the mandatory minimum sentence of ten years' imprisonment controlled the sentencing range. App. at 29–31.

By explicitly waiving this argument at his sentencing hearing, Vasquez-Liriano is foreclosed from making it now. *See United States v. Batista*, 483 F.3d 193, 199 n.4 (3d Cir. 2007).

## III.

We will affirm the District Court's order denying Vasquez-Liriano's motions to reduce his sentence.

---

[2] Vasquez-Liriano argues that the application of the "safety valve" provided by 18 U.S.C. § 3553(f), in combination with Amendment 782, could result in a reduced sentence below the mandatory minimum. As we discuss below, the safety valve does not apply.

[3] Vasquez-Liriano argues that, because the District Court did not make an explicit finding under § 5G1.1(b) that the mandatory minimum sentence was the guideline sentence, the District Court did not sentence him based on the mandatory minimum, but instead sentenced him based on the guideline range of 87 to 108 months' imprisonment with an upward departure to 120 months' imprisonment. Appellant's Br. 10, 13. The District Court was well aware of the mandatory minimum, and sentenced Vasquez-Liriano accordingly. App. at 29, 32, 33.