NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3452
_____

UNITED STATES OF AMERICA

v.

JAMES RICHARD CULMER,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-12-cr-00489-001)
District Judge: Honorable William H. Walls
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2019

Before: CHAGARES, HARDIMAN, *Circuit Judges*, and GOLDBERG, *District Judge.**

(Opinion Filed: April 18, 2019)

---

* The Honorable Mitchell S. Goldberg, District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

———————————

OPINION[**]

———————————

HARDIMAN, *Circuit Judge*.

James Culmer appeals the District Court's order granting the Government's motion for reconsideration of his sentence reduction. We will affirm.

I[1]

In July 2012, Culmer pleaded guilty to conspiring to possess over one kilogram of heroin with intent to distribute it. Early the next year, the District Court sentenced him to 192 months' imprisonment, followed by 5 years' supervised release.

This was not Culmer's first encounter with the penal system. In June 1990, he was convicted of possession with intent to distribute crack cocaine and was sentenced to 151 months' imprisonment. But he violated the terms of his supervised release a few years after he was released from prison in 2000, and served another eight months before being released again. Soon thereafter, in 2006, Culmer was convicted of conspiracy to distribute heroin, for which he was sentenced to 73 months' imprisonment. He was

———————————

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, and jurisdiction to consider Culmer's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. Ortiz-Vega*, 744 F.3d 869, 870 n.1 (3d Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291. We review the Court's grant of the Government's motion for reconsideration for abuse of discretion, reviewing purely legal questions de novo. *See United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016); *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

released in late 2009. For both of those offenses, Culmer served time within 15 years of his 2012 heroin conspiracy offense. *See* USSG § 4A1.2(e)(1). So at his 2013 sentencing, he was classified as a career offender under USSG § 4B1.1(a).

Culmer's PSR, adopted without change by the District Court, indicated a criminal offense level of 34 and a criminal history category of VI. After departing downward from the applicable Guidelines range, the Court imposed a sentence of 192 months.

Culmer then filed a motion to reduce his sentence in light of Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced many drug-crime base offense levels. The Court granted his motion under 18 U.S.C. § 3582(c)(2). But there was a problem. Because Culmer was a career offender, his "applicable guideline range"—before any departure or variance, *see* USSG § 1B1.10, cmt. n.1(A) (2011)—was governed by the Career Offender Guidelines, not the Drug Guidelines modified by Amendment 782. So reducing Culmer's sentence was not "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Government accordingly moved for reconsideration and the Court vacated its order reducing Culmer's sentence. This appeal followed.

II

A District Court may reduce a sentence under Section 3582(c)(2) only if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" *and* the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." Culmer cannot satisfy the second requirement.

3

"[A] reduction in sentence pursuant to a retroactive amendment to the Guidelines is *not* consistent with its policy statements unless the amendment has 'the effect of lowering the defendant's applicable guideline range.'" *United States v. Flemming*, 723 F.3d 407, 410 (3d Cir. 2013) (quoting USSG § 1B1.10(a)(2)(B)). The Sentencing Commission has defined "applicable guideline range" to mean "the guideline range that corresponds to the offense level and criminal history category determined pursuant to Section 1B1.1(a), *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*." USSG § 1B1.10 cmt. n.1(A) (2011) (emphasis added).

Amendment 782, made retroactive by Amendment 788, "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018). But the amendment does not help Culmer because his "applicable guideline range" was defined by the Career Offender Guidelines, which were unaffected by Amendment 782. *United States v. Thompson*, 825 F.3d 198, 202 (3d Cir. 2016). Although Culmer was sentenced based on the Drug Guidelines, the Court did so only after it departed downward from the applicable criminal history category and varied downward from the applicable criminal offense level. Culmer's arguments address only Section 3582(c)(2)'s first requirement—that the sentence be based on a range lowered by a retroactive amendment. But because his "applicable guideline range" was, and remains, a Career Offender range, a sentence reduction would not be consistent with Guidelines § 1B1.10. And since Culmer was not eligible for a sentence reduction in the first place,

4

the Court did not err when it granted the motion to reconsider its misstep. We will therefore affirm the District Court's order granting the motion for reconsideration.