**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3322
_____

UNITED STATES OF AMERICA

v.

BRYAN THORNTON,
a/k/a Moochie,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:91-cr-00570-003)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 4, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed August 5, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Bryan Thornton appeals from an order of the District Court, entered December 3, 2021, denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018.

In 1991, Bryan Thornton was convicted of various narcotics offenses, following a trial in the United States Court for the Eastern District of Pennsylvania, and received a life sentence. Specifically, Thornton was convicted of conspiracy to distribute and to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846; possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and participation in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. We affirmed his sentence on direct appeal. See United States v. Thornton, 1 F.3d 149 (3d Cir. 1993), cert. denied, 510 U.S. 982 (1993). Since then, Thornton has filed numerous motions with the District Court to modify, or otherwise amend, his sentence.

In November 2021, Thornton filed a motion for a sentence reduction under Section 404 of the First Step Act of 2018. The District Court denied his motion, concluding that he was not eligible for relief under § 404. Dkt No. 698. Thornton appeals.

We have jurisdiction to review the District Court's December 3, 2021 order pursuant to 28 U.S.C. § 1291. See United States v. Jackson, 964 F.3d 197, 201 (3d Cir. 2020). We exercise plenary review over a district court's statutory interpretation regarding § 404 eligibility. Id. If eligibility exists, we review a district court's denial of relief for an abuse of discretion. Id.

Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), gives retroactive effect to provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010), that increased the drug quantities necessary to trigger mandatory minimum and maximum penalties for crack-cocaine offenses. See Jackson, 964 F.3d at 200. Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. In evaluating a motion under this section, a court's "initial inquiry concerns eligibility—whether a defendant has committed a 'covered offense.'" Jackson, 964 F.3d at 200–01. Notably, the Fair Sentencing Act was implemented to "restore fairness to Federal cocaine sentencing," see 124 Stat. at 2372, by "reducing the sentencing disparities between possessors of crack, who are predominately black or Latino, and possessors of powder cocaine, who are more often white." Jackson, 964 F.3d at 200 n.2 (citing Dorsey v. United States, 567 U.S. 260, 268–69 (2012), and United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011)); United States v. Ortiz-Vega, 744 F.3d 869, 870–71 (3d Cir. 2014) ("[Fair Sentencing Act] reduced the disparity in quantities triggering mandatory minimum sentences between crack cocaine and powder cocaine from 100:1 to approximately 18:1.").

The District Court correctly determined that Thornton was not eligible for relief under the First Step Act, as he was not convicted of a "covered offense." Simply, the substance at the basis of his conviction was powder cocaine—not crack cocaine. Because the Fair Sentencing Act does not alter the statutory sentences for powder cocaine,

3

Thornton is not eligible for relief under § 404.  See United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020) (noting that the Fair Sentencing Act, made retroactive by the First Step Act, did not touch the statutory minimum sentences for powder cocaine).

Thornton's arguments to the contrary are without merit.  First, to the extent that Thornton argues that he is eligible under § 404 based on a dual conviction, see United States v. Alford, 839 F. App'x 761, 763 (3d Cir. 2021) (discussing, but not explicitly deciding, § 404 eligibility pertaining to a dual-object conspiracy conviction), his argument is unavailing.  Thornton was not convicted of a dual-object conspiracy involving crack cocaine, and, therefore, the First Step Act does not afford him relief.  While Thornton alleges his conspiracy offense involved crack cocaine, contrary to his assertions, he was not charged with such offense and therefore is not entitled to a reduction.  See Jackson, 964 F.3d at 202 ("Congress intended eligibility to turn on a defendant's statute of conviction rather than his conduct."); id. at 206.

Second, Thornton argues that he is eligible for relief under § 404 because his continuing criminal enterprise ("CCE") conviction is a "covered offense."  This argument is similarly unavailing.  The indictment establishes that Thornton's CCE conviction was premised on his involvement in the powder cocaine trafficking conspiracy.  As such, this is not a covered offense.

4

For these reasons, the District Court properly denied his motion under § 404 of the

First Step Act.[1]  Accordingly, we will affirm the judgment of the District Court.

---

[1] To the extent that Thornton argues that he is entitled to compassionate release because of alleged trial and sentencing errors, he essentially presents another challenge to the validity of his conviction and sentence, and such challenges are typically brought under 28 U.S.C. § 2255 instead.  See Calderon v. Thompson, 523 U.S. 538, 553 (1998) (holding that a prisoner may not circumvent AEDPA's restrictions by labeling a second or successive application for habeas relief something else); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that motions to vacate "pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences").  We make no findings, however, as to the timeliness or merits of such a motion.