**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2796
_____

ROBERT ATKINS, aka Bobby,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-18-cr-00133-001)
District Judge: Cynthia M. Rufe
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: December 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

        In September 2019, the appellant, Robert Atkins, pleaded guilty to five counts of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of distribution of fentanyl within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). The District Court determined that he was a career offender under the United States Sentencing Guidelines and sentenced him to 180 months of imprisonment, followed by six years of supervised release. Atkins did not appeal or move to vacate his sentence pursuant to 28 U.S.C. § 2255.

In July 2022, Atkins filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). He asserted that, under the First Step Act of 2018, he should not have been designated a career offender or subject to an enhancement under 21 U.S.C. § 851. The District Court determined, inter alia, that these claims fall outside the scope of 18 U.S.C. § 3582(c)(1) and denied the motion without prejudice to Atkins raising them in a motion pursuant to 28 U.S.C. § 2255. Holmes appealed.[1] The Government now moves for summary affirmance.

We will grant the Government's motion because "no substantial question is presented" by this appeal. 3d Cir. L.A.R. 27.4. Section 3582(c)(2) "does not authorize a resentencing," but only "permits a sentence reduction within the narrow bounds established by the [United States Sentencing] Commission." Dillon v. United States, 560 U.S. 817, 831 (2010); see also United States v. Ortiz-Vega, 744 F.3d 869, 873–74 (3d Cir. 2014) ("[A] court may not revisit or re-decide guideline applications during a § 3582(c)(2) proceeding, but rather must work only with the sentence actually

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

imposed."). Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[2]

---

[2] The Government's requests for leave to file its motion for summary affirmance out of time and be excused from filing a brief are granted.